

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,510-01

### EX PARTE CRAIG MERLIN WILD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 21205-A IN THE 336TH DISTRICT COURT
### FROM FANNIN COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of two counts of aggravated sexual assault of a child, and one count of indecency with a child by contact and sentenced to life imprisonment for each of the aggravated sexual assault counts, and twenty years' imprisonment for the indecency count, all running concurrently. The Sixth Court of Appeals affirmed his conviction. *Wild v. State*, No. 06-06-00124-CR (Tex. App. — Texarkana, 2007) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that SANE witness Carolyn Ridling gave false testimony at trial regarding her qualifications, and that his trial counsel was ineffective for various reasons. The trial court

appointed habeas counsel and conducted a live habeas hearing. Based on the record and the hearing, the trial court has determined that Ridling testified falsely regarding her certification, and that the false testimony was material in that it affected the jury's ability to determine the credibility of the complainant's statements to Ridling (which were not entirely consistent with her statements to other witnesses).

The trial court also finds that trial counsel's performance was deficient in that trial counsel failed to request a hearing to determine who the proper outcry witness was, failed to request a hearing to challenge the qualifications of the State's expert witness and the admissibility of his testimony, and elicited testimony about extraneous accusations that Applicant had sexually abused a different child. The trial court finds that Applicant was prejudiced, and that these errors are sufficient to undermine confidence in the jury's verdict.

Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 771 (Tex. Crim. App. 2009); *Strickland v. Washington*, 466 U.S. 668 (1984). The judgment in cause number 21205 in the 336th District Court of Fannin County is set aside, and Applicant is remanded to the custody of the Sheriff of Fannin County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: January 13, 2021
Do not publish